IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TONY WARBINGTON and
CLARA WARBINGTON,

    Plaintiffs,

vs.

WAL-MART STORES, INC.,

    Defendant.

CIVIL ACTION NO.

1:11-CV-1857-CC

**OPINION AND ORDER**

This premises liability action is before the Court on Defendant Wal-Mart Stores, Inc.'s Motion for Summary Judgment [Doc. No. 20]. For the reasons stated herein, the Court **GRANTS** the Motion for Summary Judgment.

**I.    FACTS**

On Saturday, March 27, 2010, Plaintiff Tony Warbington ("Mr. Warbington") and Plaintiff Clara Warbington ("Mrs. Warbington") (collectively referred to herein as "Plaintiffs") arrived at the Wal-Mart store on Ashford-Dunwoody Road in Atlanta, Georgia, at approximately 11:00 a.m. or 12:00 p.m. for the purpose of buying a coffee maker. (Defendant's Statement of Material Facts as to Which There is No Genuine Issue to be Tried "DSMF" ¶¶ 1, 3.) While Mr. Warbington was shopping at the store, he allegedly slipped but did not fall in an unknown liquid substance on the floor. (Id. ¶ 1.)

Plaintiffs entered the store through the general merchandise door, and they shopped for approximately an hour or so prior to the incident. (Id. ¶ 4.) As they entered the aisle where the coffee makers were located, Mrs. Warbington was to the left of Mr. Warbington, and Mrs. Warbington had a shopping cart. (Id. ¶ 5.) The coffee makers were on the left side of the aisle. (Id. ¶ 6.)

As Plaintiffs entered the aisle, Mr. Warbington observed an unknown female

customer who was standing not quite halfway down the aisle with a shopping cart. (Id. ¶ 7; Deposition of Tony James Warbington "Warbington Dep." at 141:5-10.) The unknown customer's cart was in the middle of aisle and facing away from Plaintiffs. (DSMF ¶ 8.) The handles of the unknown customer's cart were closest to Plaintiffs. (Id.) The unknown female customer was standing between her buggy and the wall of coffee pots, and she was standing somewhat behind the handles of her shopping cart. (Id.) The unknown female customer was looking at the coffee pots that Mr. Warbington also wanted to browse. (Id. ¶ 9.) Mr. Warbington walked around the unknown female customer's buggy. (Id. ¶ 10.) As Mr. Warbington walked by the unknown female customer and to the right of her, the customer remained looking at the coffee pots. (Id. ¶ 11.) Mr. Warbington was looking at the coffee pots, too. (Id. ¶ 12.)

Mr. Warbington took at least four to five steps towards the female customer's shopping cart, and then he went around her cart and took two steps when he slipped in an unknown liquid. (Warbington Dep. at 141:11-18.) As Mr. Warbington slipped, he grabbed onto the unknown customer's shopping cart with his left arm and grabbed the shelf with his right arm to avoid falling. (DSMF ¶ 14.) Plaintiffs were together on the aisle for approximately four to five seconds prior to the incident, but long enough for Mr. Warbington to walk around a customer and her buggy about halfway down the coffee aisle. (Id. ¶ 16.)

Plaintiffs had not been by the aisle in question prior to the incident. (DSMF ¶ 19.) Other than Plaintiffs and the unknown female customer, there were no other people on the aisle in question at the time of the incident. (Id. ¶ 20.) There were no Wal-Mart employees in the immediate area at the time of the alleged incident. (Id. ¶ 21.) Mr. Warbington does not recall the last time he would have seen a Wal-Mart employee before his alleged slip. (Id. ¶ 22.) Mr. Warbington has no knowledge, personal or otherwise, as to when the last time a Wal-Mart employee had been by the area in question prior to his incident. (Id. ¶ 24.) Mr. Warbington also has no

knowledge, personal or otherwise, that Wal-Mart knew there was a substance on the floor prior to his fall. (Id. ¶ 28.) No one from Wal-Mart ever admitted any fault or wrongdoing. (Id. ¶ 29.)

Mr. Warbington has no knowledge, personal or otherwise, as to what the substance was, (id. ¶ 25), except that Mr. Warbington stated that the substance looked like "old chocolate milk," (Warbington Dep. at 152:18-21.) Nothing about the spill, the items on the shelf, or the items in the female customer's shopping cart gave Mr. Warbington any indication as to the source of the substance. (DSMF ¶ 26.) Mr. Warbington does not know how the substance arrived on the floor or how long it had been on the floor prior to his incident. (Id. ¶ 27.) Mr. Warbington's own cell phone pictures accurately depict the scene of the incident, although the substance in question was even darker on the floor than how it appeared in his pictures. (Id. ¶ 32.)

At the time of the incident, Mr. Warbington was not in a hurry. (Id. ¶ 33.) The aisle was well lit, and there was no problem with the lighting. (Id. ¶ 34.) There were no distractions to Mr. Warbington as he was walking down the aisle. (Id. ¶ 36.) However, Mr. Warbington did not observe the alleged hazard on the floor prior to his fall. (Id. ¶ 30.) Although the substance in question was observable from a standing position, (id. ¶ 31), Mr. Warbington testified that the unknown female customer and her buggy were obstructions as he was walking, (Warbington Dep. at 144:4-7).

Wal-Mart Stores, Inc. is not the owner or occupier of store number 2360, and Wal-Mart Stores, Inc. was not the owner or occupier of store number 2360 on March 27, 2010. (DSMF ¶ 37.) On March 27, 2010, and through the present time, the Wal-Mart store number 2360 was owned by Wal-Mart Real Estate Business Trust and occupied by Wal-Mart Stores East, LP. (Id.)

## II. STANDARD OF REVIEW

Summary judgment is proper when no genuine issue as to any material fact

is present and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In seeking summary judgment, the moving party bears the initial responsibility to demonstrate there is no genuine issue as to any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). The moving party's burden is discharged merely by showing that there is an absence of evidence supporting an essential element of the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party and resolve all facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999) (citation omitted). The moving party is entitled to summary judgment when the non-moving party has failed to make a sufficient showing on an essential element of the case with respect to which the non-moving party has the burden of proof. Celotex, 477 U.S. at 323.

A fact is material when the controlling substantive law identifies it as an essential element of the non-moving party's case. Anderson v. Liberty Lobby, Inc., 477 U.S. 247, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Additionally, an issue is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. Id. An issue of fact is not genuine if it is unsupported by evidence or if it is created by evidence that is "merely colorable" or "not significantly probative." Id. at 249-250. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. at 247-48 (emphasis in original).

## III. ANALYSIS

To prevail on a cause of action for negligence under Georgia law, the plaintiff must establish the essential elements of duty, breach of duty, proximate causation and damages. Black v. Georgia S. & Fla. Ry. Co., 202 Ga. App. 805, 806, 415 S.E.2d 705 (1992). Under Georgia law, the owner or occupier of real property owes a duty to its invitees to exercise ordinary care in keeping its premises safe. O.C.G.A. § 51-3-1. "This includes inspecting the premises to discover possible dangerous conditions of which the owner/occupier does not have actual knowledge, and taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises." Robinson v. Kroger Co., 268 Ga. 735, 740, 493 S.E.2d 403 (1997) (citations omitted). By encouraging others to come on the property to further the purpose of the owner or occupier, the owner or occupier impliedly represents that reasonable care has been exercised to make the premises safe for those who come for that purpose, and that representation is the basis of the owner or occupier's liability for injuries sustained by an invitee in a slip and fall case. Id. at 741. Notwithstanding the foregoing, a property owner is not an insurer of the safety of entrants, and a mere showing that an injury occurred while on the premises of a proprietor is not sufficient, by itself, to create a presumption of negligence. Lee v. Food Lion, 243 Ga. App. 819, 820, 534 S.Ed2d 507 (2000); Cleghorn v. Winn Dixie Stores, Inc., 228 Ga. App. 766, 767, 492 S.E.2d 745 (1997).

In this action, Defendant Wal-Mart Stores, Inc. is entitled to summary judgment because there is no dispute that Wal-Mart Stores, Inc. is not and was not at the time in question the owner or occupier of the Wal-Mart store located at 4725 Ashford-Dunwoody Road in Atlanta, Georgia, where the subject incident occurred. Defendant Wal-Mart Stores, Inc. repeatedly has made Plaintiffs aware throughout this litigation that Wal-Mart Stores, Inc. is improperly named and joined and that the proper defendant is Wal-Mart Stores East, LP. (See Notice of Removal [Doc. No. 1] at 1; Answer of Defendant [Doc. No. 2] at 1, 2; Joint Preliminary Report and

Discovery Plan [Doc. No. 5] at 5; Joint Certificate of Interested Persons [Doc. No. 6] at 1, 2; Defendant's Responses to Initial Disclosures [Doc. No. 7] at 1; Defendant's Corporate Disclosure Statement [Doc. No. 8] at 1.) As Wal-Mart Stores, Inc. is not the proper entity to be sued in this action and Plaintiffs have offered no argument, evidence, or legal authority to the contrary, the Court concludes that Plaintiffs have no chance of recovering from Wal-Mart Stores, Inc. under Georgia premises liability law. O.C.G.A. § 51-3-1; see Neal v. Baker's Liquor Store, Inc., 216 Ga. App. 269, 453 S.E.2d 816 (1995) (affirming summary judgment entered in favor of defendant that was not the owner or occupier of the premises at the time the plaintiff sustained his injuries).

## IV.   CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendant Wal-Mart Stores, Inc.'s Motion for Summary Judgment [Doc. No. 20].

SO ORDERED this 18th day of June, 2012.

*s/   CLARENCE COOPER*

CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE